FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 AUG 17 PM 3: 20

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHARLES A. SHARP and JUDY K. SHARP, as joint personal representatives of the Estate of KATIE R. SHARP, and as Legal Guardians of DEVIN K. SHARP, surviving child of KATIE R. SHARP,

　　Plaintiffs,

v.　　　　　　　406CV020

WILLIAM SCOTT FISHER, BRYAN H. STRICKLAND, and GEORGE A. ELLIS, in their individual capacities,

　　Defendants.

## ORDER

Charles and Judy Sharp seek reconsideration of *Sharp v. Fisher*, 2007 WL 2177123 (S.D.Ga. 7/26/07) (unpublished), where the Court granted summary judgment to all defendants. Doc. # 94. They argue that the Court incorrectly granted William Scott Fisher qualified immunity. *Id.* at 1. The Sharps point to the Court's 5/8/06 Order (doc. # 19), which relied on *Harris v. Coweta County, Ga.*, 433 F.3d 807 (11th Cir. 2005), to deny Fisher qualified immunity at the motion-to-dismiss stage of this case. *Harris*'s qualified-immunity analysis, they contend, is still good law despite the fact that *Harris* was reversed by *Scott v. Harris*, 127 S.Ct. 1769 (2007). The *Harris* analysis, they remind, led this Court to rule that qualified immunity was inappropriate when Fisher moved to dismiss this case. Likewise, they now contend, it should have precluded qualified immunity at the summary judgment stage. Thus, the Sharps argue, this Court erred in upholding Fisher's qualified immunity defense.

The Court disagrees. Nothing remains of *Harris*. It had been clearly established, the *Harris* panel ruled, that "deadly force cannot be employed in a situation that requires less-than-lethal force." *Harris*, 433 F.3d at 818. Thus, the *Harris* panel denied qualified immunity to the chase officer in that case. In so doing, that court cited *Tennessee v. Garner*, 471 U.S. 1, 8 (1985), and several other Supreme Court cases as clearly establishing a bright-line "deadly force" rule. It also cited *Mercado v. City of Orlando*, 407 F.3d 1152, 1160 (11th Cir. 2005), to note the Eleventh Circuit's recognition that *Garner* clearly established such a rule.

The U.S. Supreme Court in *Scott*, however, held that *Garner* did not set out a bright-line "deadly force" rule. *Scott*, 127 S.Ct. at 1777 ("*Garner* did not establish a magical on/off switch that triggers rigid preconditions whenever an officer's actions constitute 'deadly force.' *Garner* was simply an application of the Fourth Amendment's 'reasonableness' test...."); *see also Beshers v. Harrison*, ___ F.3d ___, 2007 WL 2302012 (11th Cir. 8/14/07) (discussing *Scott*'s effect on previous Eleventh Circuit interpretations of *Garner*).

It follows that any Eleventh Circuit opinion holding that *Garner* clearly established a bright-line "deadly force" test was wrong; there is no *Garner* bright-line test. Had *Mercado* issued before the 8/04 incident in this case, the Sharps could argue that *Mercado* clearly established the relevant legal rules. But *Mercado*, like *Harris*, issued *after* the chase and seizure that occurred here.

Even if *Harris* still stood today, it nevertheless would be easily distinguishable now that the summary judgment facts in this

case have been established.[1] In *Harris*, "there was little, if any, threat to pedestrians or other motorists, as the [two-lane surface] roads were mostly empty and Harris remained in control of his vehicle, and there is no question that there were alternatives for a later arrest." 433 F.3d at 815.

---

[1] The Court offers the following recapitulation of the summary judgment facts -- the facts viewed in the light most favorable to the Sharps -- from a portion of the defendants' response brief, to which the Court has made corrections:

> Here, the roadway was not clear; Sharp was driving in excess of 100 mph [incorrect, in the light most favorable to the Sharps, Fisher had no idea how fast Sharp was driving, *see generally* doc. # 73 (Fisher Deposition); *see* doc. # 92 at 3]; Fisher knew of the presence of a road crew down I-95 [incorrect, in the light most favorable to the Sharps, Fisher had no idea about the road crew ahead, *see* doc. # 92 at 2 (citing Fisher Deposition, noting that "when asked in detail about the chase, the surrounding circumstances, and why he took the action he did, Fisher never mentions a construction site")]; Fisher knew that the vehicle was fleeing from other law enforcement personnel and had been for some time, including at least 20 miles inside the Georgia line; and that several officers from other jurisdictions had followed the vehicle across state lines in the pursuit, allowing for his assumption, albeit unconfirmed, that Sharp's suspected offense was greater than a speeding violation [his assumptions are legally irrelevant; the proper standard is what a reasonable officer in his position would assume]; and that Sharp had no intention of stopping of her own accord despite the number of emergency vehicles or flashing blue lights pursuing her and assumed that her actions that she was going to increase in reckless reactions as a result [again, his assumptions are legally irrelevant].

Doc. # 96 at 9.

Here, in contrast, the summary-judgment videos -- which were not available to this Court at the motion-to-dismiss stage -- show that Katie Sharp was driving through heavy traffic. Furthermore, and as noted in *Sharp*, "any of the numerous potential obstacles on a busy interstate highway could shatter [a driver's] control and lead to disaster before police could respond." Doc. # 92 at 6. The *Scott* and *Sharp* videos illustrate the contrast between empty two lane roads and busy interstate highways. A reasonable officer in Fisher's position could take that into account in deciding to give chase and use "vehicle-ramming force" to effect an arrest. *Compare* http://www.supremecourtus.gov/opinions/video/scott_v_harris.rmvb *with* http://www.gas.uscourts.gov/406cv020/marvin.wmv. Therefore, Fisher did not have fair notice that taking the action he did would violate the Constitution.

Fisher is entitled to qualified immunity, so the plaintiffs' Motion for Reconsideration is **DENIED**. Doc. # 94.

This 17 day of August, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA